UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CINDY STOREY,

    Plaintiff,

v.                                        Case No.:  2:25-cv-605-SPC-NPM

SAM'S EAST, INC. and JOHN DOE,

    Defendants.
_____/

# ORDER

Before the Court is Defendant Sam's East, Inc.'s Notice of Removal. (Doc. 1). For the reasons outlined below, Sam's East must supplement the Notice.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Sam's East removed this action by invoking diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, both the amount in controversy and diversity of citizenship are questionable.

To establish the amount in controversy, Sam's East relies primarily on medical bills and records Plaintiff produced in response to Sam's East's requests for production, which purportedly exceed $98,132.34. (Doc. 1 ¶ 27). The problem is, Sam's East neglected to provide such bills and records, so the Court is unable to review them. Without these documents, Sam's East fails to provide any actual evidence demonstrating the amount in controversy exceeds $75,000. *See Eckert v. Sears, Roebuck & Co.*, No. 8:13-CV-2599-T-23, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013) (explaining "diversity jurisdiction depends on an actual and factually demonstrable amount-in-controversy in excess of $75,000").

As for diversity of citizenship, Sam's East cites to Plaintiff's answers to its interrogatories (which appear unverified) to demonstrate Plaintiff's Florida citizenship. Sam's East asked Plaintiff to provide her "true, fixed, permanent home[.]" (Doc. 1-5 at 3). But Plaintiff responded that she "reside[s]" at a Cape Coral address. (*Id.*). This answer is problematic because "residency is not the

2

same as citizenship." *See Norvilus-Foreste v. Walmart Stores E., LP*, No. 2:23-CV-163-SPC-NPM, 2023 WL 2918599, at *1 (M.D. Fla. Apr. 12, 2023) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). So more is needed for Sam's East to establish Plaintiff's citizenship.[1] *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough.").

The Court finds that Sam's East has not met its burden of establishing the Court's subject-matter jurisdiction over this matter.

Accordingly, it is now

**ORDERED:**

On or before **July 28, 2025**, Sam's East must **SUPPLEMENT** its Notice of Removal consistent with this Order. **Failure to do so will result in remand without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on July 14, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[1] Although the Court does not take up the issue here, the Court is uncertain that an assertion from Plaintiff that she is domiciled in Florida, without more, is sufficient to establish the Court's jurisdiction. Sam's East should take this into consideration when supplementing its Notice.

3